IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:06CR231 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER |
| vs. | : | |
| | : | |
| KEVIN ANDERSON, | : | **SENTENCING MEMORANDUM** |
| | : | **OF KEVIN ANDERSON** |
| Defendant. | : | |

Kevin Anderson submits the following sentencing memorandum for this Court's consideration at sentencing on November 3, 2006, objecting to his classification as a "career offender", and in the alternative requesting a non-guideline sentence as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661 or a downward departure within the advisory guidelines to a sentence within the range of 57 - 71 months. A memorandum in support of the suggested sentence is attached.

Respectfully submitted,

/s/Darin Thompson
DARIN THOMPSON
Office of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: darin_thompson@fd.org

# MEMORANDUM

### A. *Introduction*

The defendant in this case, Kevin Anderson, who previously pled guilty without a written agreement to the three charges against him, submits this memorandum for this Court's consideration at the upcoming sentencing hearing. Specifically, Mr. Anderson 1) objects to classification as a "career offender" and 2) requests this Court to consider a sentence that includes a limited term of imprisonment sufficient to satisfy the goals of sentencing listed in 18 U.S.C. § 3553(a)(2).

### B. *The Goals of Sentencing - 18 U.S.C. § 3553(a)*

In sentencing Mr. Anderson, this Court is required to impose a sentence which is "sufficient, but not greater than necessary:"

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). In consideration of the purposes of this statute, this Court must fashion a sentence that considers:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the need for the sentence imposed to further the purposes set forth above;

- the kinds of sentences available;

- the kinds of sentence and sentencing range applicable to the defendant as set by the United States Sentencing Guidelines as well as any pertinent policy

> statements issued by the Sentencing Commission;

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- the need to provide restitution to any victims of the offense.

Title 18 U.S.C. §3553(a).

To satisfy subsection (a)(1)'s requirements in a thorough manner, the §3553(a) factors are separated below into three categories: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; and 3) the needs of the public and any victims. In following this method, each specific statutory factor under § 3553(a), including the advisory guidelines, is considered.

### 1)   *Nature and Circumstances of the Offense*

The charges to which Mr. Anderson pled guilty relate to two separate bank robberies committed in the Akron, Ohio area in April of 2006. The robberies were committed without threats of violence and did not include a firearm or a threat of the use of a firearm. The first robbery, that of First Bank, netted approximately $1800.00 and the second robbery of National City Bank netted approximately $480.00. The proceeds of both robberies were used in support of Mr. Anderson's chronic cocaine base habit, during a five day binge after his failure to return to Oriana House. The failure to return to serve the remainder of the supervised release revocation term of imprisonment formed the basis of Count One, a conviction for escape.

### 2)   *Character of the Defendant*

Kevin Anderson is by anyone's account a chronic substance abuser. At 37 years of age, Kevin Anderson has been a substance abuser as a teenager and for his entire adult life. The effects

of the addiction have exacted a toll on his mind, his relationships, and his role as a father and husband.  He has had little success in maintaining employment despite being a licensed barber, but has maintained an intermittent employment history during the periods that he has not been incarcerated. As a teenager, Kevin attempted suicide, a symptom of a larger, developing addiction. Kevin's mother, Patricia Anderson, reports that her oldest son was a model child, never any trouble, until he reached high school.   At 16 years of age Kevin's grades, once stellar, had fallen to barely passing scores and his negative attitude concerning his father became intense. It was during this time that the suicide attempt occurred, and during this time that he was seeing a psychologist.  By the time Kevin reached adulthood, self medicating through the abusive use of alcohol and the newly emergent drug at the time, crack cocaine, became Kevin's way of dealing with the challenges of life. Kevin's mother relates that when not under the influence of drugs, Kevin is a nice and polite man, a caring person who is kind and thoughtful of others.

Each of the major criminal episodes in Kevin Anderson's life has occurred within the throes of a substance abuse binge. In 1996, while under the influence of cocaine and alcohol, Kevin robbed a bank in Chicago, Illinois, again, without violence or a weapon.  When informed that the Federal Bureau of Investigation was looking for him in connection with the bank heist, a sober Kevin turned himself in to the Chicago Police Department, which eventually caused his first federal conviction. While on pre-trial release for the bank robbery that he turned himself in for, Kevin robbed his second bank in Chicago, again without violence, again while in the thick of a crack binge, needing to support his habit.  Kevin Anderson served a consolidated sentence of 97 months for those robberies.

### 3) *Need to Protect Public*

Mr. Anderson recognizes that bank robbery has the potential to cause serious harm to society and to the bank tellers who are confronted with demands for money, and he also recognizes society's need for a sentence to reflect that the justice system can operate to keep our society safe. He is remorseful, and takes full responsibility for his actions, as reflected in his statement of acceptance of responsibility. While a lengthy prison sentence is anticipated in this instance, defendant believes that a sentence within the guideline range *without* the career offender enhancement would be a punishment thgat is "sufficient, but not greater than necessary", given the history and character of Mr. Anderson.

### C. *Computation of the Sentencing Guidelines*

In a district court's review of the applicable guidelines provisions and the applicable bases for departures, this Court is not limited in the type or quantum of information it may use to determine whether a departure is warranted. Under Title 18 U.S.C. §3661, "*No limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Under U.S.S.G. §2B3.1, the base offense level is 20, and an additional two points are scored because the property of a financial institution was taken, for a total adjusted offense level of 22 for each bank robbery count. The offense level for escape, calculated pursuant to U.S.S.G. §2P1.1 is 13. Therefore, under the grouping rules and the additional 2 units for the two bank robberies of Counts Two and Three, the Offense Level is 24. After being credited for three levels off for acceptance of responsibility, Kevin Anderson's final Offense Level is 21.

As to the criminal history score, the probation department has listed offense which total 8 criminal history points, and also lists three additional "recency" points for a total of 11 criminal history points. This total translates into Criminal History Category V. At Offense Level 21 and CHC V, the probation department has determined that Mr. Anderson's calculated guideline range is 70 - 87 months. However, in light of the two bank robberies from the Chicago, Illinois case, the probation department has identified Mr. Anderson as a career offender. Based upon this moniker, the probation department recommends application of the career offender offense level and criminal history score, which translate into a Sentencing Range of 151 - 188 months imprisonment, more than twice the sentencing range established by calculations under the bank robbery guidelines.

Kevin Anderson objected to the application of career offender guidelines to his two prior federal bank robbery convictions. Mr. Anderson submits that after the first robbery he was not "arrested" as required under the language of the guideline. Section 4A1.2, comment, n.3 states:

> Prior sentence are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion; (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

The clear language of the guideline requires an arrest to preclude application of the "otherwise" provisions, something which did not occur here, given that Mr. Anderson turned himself in to the police for the first offense. The fact that there was no arrest permits application of the Illinois District Court's order of consolidation, which conclusively consolidated the two cases for disposal and sentencing. Clearly the federal district court judge, being under the then mandatory federal sentencing guidelines, knew that the affect of an order of consolidation would be to merge the two

cases, and the judge would know that application of criminal history guideline provisions would cause the convictions to be treated as one in the future.

For the same reasons as noted above concerning the inapplicability of the Career Offender guideline, Kevin Anderson also objects to the inclusion of three additional criminal history points for the bank robbery of August 17, 1996, referenced at ¶58 of the Presentence Investigation Report. Therefore, the criminal history point total, including recency points, is eight (8), and the Criminal History Category is IV. Based upon the above, the Career Offender provisions do not apply in this instance, and the correct guideline computations, *i.e.*, Offense Level 21 and CHC IV, reflect a sentencing range of 57 - 71 months imprisonment.

### D.  *Request for Variance*

Kevin Anderson has presented a clear picture of his life and the devastating effect that substance abuse has made thereon. While it has been very difficult for Mr. Anderson to look at his life critically, when he is free of cocaine he is able to think clearly and critically about the path his life has taken. Kevin Anderson believes that he can finally make changes which will aid in his rehabilitation.

A sentence of within the 57 - 71 month range calculated under the presumptively reasonable guidelines for bank robbery, with credit for the time which he has spent at CCA, gives Kevin Anderson enough time to continue to gain perspective and much needed treatment for his addiction. Mr. Anderson firmly believes that when he is released he can make a new start.

Kevin Anderson also states that holding him to a career offender sentence, based upon the Chicago bank robberies as two separate incidences is error, and he objects to the probation

department's allocation fo the convictions as separate occurrences. Given the argument above, Kevin submits that should this Court find that the two prior convictions in Illinois were predicates for career offender, he requests that this Court find that this inequity is sufficient support for a sentence within the otherwise applicable guideline range.

*E.     Conclusion*

For the reasons set forth below and as will be presented at his sentencing hearing, Kevin Anderson requests a sentence which is sufficient, but not greater than necessary, to satisfy the goals of sentencing. He believes that a sentence within the 57 - 71 month range provides for such balance.

                                            Respectfully submitted,

                                            */s/Darin Thompson*
                                            DARIN THOMPSON
                                            Assistant Federal Public Defender

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2006, a copy of the foregoing Sentencing Memorandum of Kevin Anderson was filed electronically. Further notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Darin Thompson*
DARIN THOMPSON
Assistant Federal Public Defender